IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. NANCYLYNN WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00218 |
| | ) | |
| TENNESSEE DEPARTMENT | ) | JUDGE CAMPBELL |
| OF EDUCATION, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | | |

## MEMORANDUM

### I. Introduction

Pending before the Court are Defendant's Motion for Partial Dismissal (Doc. No. 7); Plaintiff's Response (Doc. No. 12); and Defendant's Reply (Doc. No. 13). For the reasons set forth below, Defendant's Motion is **GRANTED** in part, and **DENIED** in part. Accordingly, the following are **DISMISSED:** (1) Plaintiff's ADA Title II claims; (2) Plaintiff's request for declaratory and injunctive relief under the ADA; and (3) Plaintiff's request for punitive damages. In all other respects, the Motion is denied.

### II. Factual and Procedural Background

The claims in this case arise out of Plaintiff's tenure as the Superintendent of the Tennessee School for the Deaf ("TSD") from July 17, 2017 to March 19, 2018. (Doc. No. 1). Plaintiff alleges she is deaf, and Defendant failed to accommodate her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.,* ("ADA"), and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* ("Rehabilitation Act"); discriminated against her based on her disability and subjected her to a discriminatory hostile work environment, in violation of the ADA and the Rehabilitation Act; subjected her to retaliation and a retaliatory hostile work environment, in

violation of the ADA and the Rehabilitation Act; and discriminated against her based on her gender, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (*Id.*)

### III. <u>Analysis</u>

#### A. <u>The Standards Governing Motions to Dismiss</u>

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950; *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

#### B. <u>ADA Claims and Sovereign Immunity</u>

Defendant argues Plaintiff's ADA claims for money damages must be dismissed because the Eleventh Amendment bars such relief. Plaintiff seeks money damages under Title II of the ADA for failure to accommodate and discrimination, and under Title V of the ADA for retaliation. Determining whether the Eleventh Amendment bars Plaintiff's request for money damages requires the Court to address these claims separately. Defendant does not address the issue of whether the Eleventh Amendment bars claims under Title V, and the Court declines to address the issue in the absence of briefing by the parties. *See Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015) (discussing the divergence of opinion on the issue).

2

As for the Title II claims, Defendant argues, as a state department, it is entitled to Eleventh Amendment sovereign immunity with regard to those claims. Eleventh Amendment jurisprudence holds that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 1355, 39 L.Ed.2d 552 (1974). A state department or agency is also entitled to Eleventh Amendment immunity if the state itself would be liable for money damages awarded against the department or agency. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984); *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). Plaintiff does not dispute that Defendant is a department of the State of Tennessee. (Doc. No. 1 ¶ 2). Rather, Plaintiff argues the Eleventh Amendment does not apply to her Title II claims because the State of Tennessee has consented to waive sovereign immunity for those claims.

Courts have recognized three exceptions to Eleventh Amendment immunity: (1) when the state has consented to suit; (2) when Congress has abrogated the state's immunity; and (3) when *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) applies. *See, e.g., S&M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir. 2008). Plaintiff argues Defendant "likely" had to consent to waive sovereign immunity in order to receive federal funding to operate TSD. Plaintiff has not cited any specific language in the Complaint, however, alleging Defendant has waived sovereign immunity for ADA claims in exchange for receipt of federal funding. Nor has Plaintiff cited any authority otherwise establishing that fact. *Cf. Nihiser v. Ohio E.P.A.,* 269 F.3d 626 (6th Cir. 2001) (holding states validly waive Eleventh Amendment immunity for Rehabilitation Act claims by participating in programs funded by the Act, as evidenced by 42 U.S.C. § 2000d-7.) Therefore, Plaintiff has not established an exception to Eleventh Amendment immunity based on consent.

Plaintiff also argues Eleventh Amendment immunity does not apply because Congress abrogated the states' immunity when it enacted Title II. Title II of the ADA governs disability discrimination involving public services, programs, and activities. 42 U.S.C. § 12132;[1] *Babcock v. Michigan*, 812 F.3d 531, 535 (6th Cir. 2016).[2] Although Congress expressed a desire in the provisions of the ADA to abrogate Eleventh Amendment immunity for violations of the ADA, *see* 42 U.S.C. § 12202, the Supreme Court has held the attempt at abrogation is valid only in limited circumstances, and turns on the nature of the ADA claim at issue. *Board of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. at 367-68. For example, the Court has held abrogation is valid for, and Eleventh Amendment immunity does not apply to, Title II ADA claims alleging denial of "the fundamental right of access to the courts," *Tennessee v. Lane,* 541 U.S. 509, 533-34, 124 S. Ct. 1978, 158 L.Ed.2d 820 (2004),[3] or to claims alleging conduct that independently violates the Fourteenth Amendment, such as those brought by prisoners alleging cruel and unusual punishment

---

[1] Section 12132 provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

[2] Title I governs disability discrimination in employment. 42 U.S.C. §12112. Plaintiff has not brought her claims under Title I, as she presumably recognizes the Eleventh Amendment would bar such claims. In *Board of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001), the Supreme Court held Congress' attempted abrogation of Eleventh Amendment immunity is not valid for employment discrimination claims brought by state employees under Title I. *See also Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 693 F.3d 1303, 1310 (10th Cir. 2012).

[3] The Sixth Circuit has also held the Eleventh Amendment does not apply to Title II "due process-type claims," such as a claim brought by a partially deaf plaintiff for denial of meaningful participation in a child custody proceeding to assert his parental rights. *Popovich v. Cuyahoga Co. Court of Common Pleas,* 276 F.3d 808 (6th Cir. 2002) *see also Robinson v, Univ. of Akron School of Law,* 307 F.3d 409, 413 (6th Cir. 2002) (holding that, in order to constitute a due process-type claim covered by *Popovich*, the plaintiff must allege "he was excluded from participating in a proceeding guaranteed to him by the Due Process Clause on the basis of his disability.")

prohibited by the Eighth Amendment. *United States v. Georgia,* 546 U.S. 151, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006).

In evaluating whether abrogation is valid for particular Title II ADA claims, the Sixth Circuit applies a three-part test derived from the Supreme Court's holding in *United States v. Georgia*, which requires a court to: "'determine ... on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.'" *Mingus v. Butler,* 591 F.3d 474, 482 (6th Cir. 2010) (quoting *Georgia,* 546 U.S. at 159); *Babcock,* 812 F.3d at 534-35.

Applying the first step here, the State's conduct that allegedly violated Title II arises out of Plaintiff's employment with TDOE.[4] Under the second step, Plaintiff must address whether the alleged misconduct also violates the Fourteenth Amendment. For example, Plaintiff may show the alleged misconduct violates her fundamental right of access to the courts as in *Tennessee v. Lane,* or that the alleged conduct independently violates the Fourteenth Amendment, as in *United States v. Georgia.* Plaintiff has not attempted to make such a showing.

---

[4] Although the Sixth Circuit has not addressed the issue, *see Whitfield v. Tennessee,* 639 F.3d 253, 258 (6th Cir. 2011), a majority of circuit courts have held that employment discrimination claims may not be brought under Title II. *See Taylor v. City of Shreveport,* 798 F.3d 276, 282 (5th Cir.2015); *Reyazuddin v. Montgomery County, Maryland,* 789 F.3d 407, 421 (4th Cir.2015); *Brumfield v. City of Chicago,* 735 F.3d 619, 621 (7th Cir.2013); *Mary Jo C. v. N.Y. State & Local Ret. Sys.,* 707 F.3d 144, 171, 171 n. 12 (2nd Cir.2013); *Elwell v. Oklahoma, ex rel. Board of Regents of the University of Oklahoma, supra*; *Zimmerman v. Oregon Dept. of Justice,* 170 F.3d 1169 (9th Cir.1999). Only the Eleventh Circuit holds otherwise. *Bledsoe v. Palm Beach County Soil and Water Conservation District,* 133 F.3d 816 (11th Cir.1998). Because the Court dismisses Plaintiff's Title II claims on Eleventh Amendment grounds, it need not address this issue.

5

Therefore, under the third step, Plaintiff must show Congress' purported abrogation of sovereign immunity as to employment discrimination claims brought by state employees is nevertheless valid. In that regard, Plaintiff must explain why the Supreme Court's decision in *Garrett,* rejecting Congress' attempted abrogation of immunity for state employees' Title I employment discrimination claims, would not apply to Title II employment discrimination claims. Other federal courts have held the reasoning in *Garrett* applies to Title II as well:

> Congress's § 5 enforcement power to require state employers to accommodate disabled employees under Title II appears to be an issue of first impression in the Eleventh Circuit. This court concludes that, because, with Title I, Congress did not validly abrogate sovereign immunity with regard to state-employment discrimination against the disabled, Congress did not do so with Title II either. The *Garrett* Court pointed to the dearth of any legislative history of a pattern of disability employment discrimination by the States that would have authorized Congressional preventive or remedial action. Because the Supreme Court has determined that, as to Title I, the historical record of state disability-employment discrimination is insufficient to trigger Congress's § 5 enforcement power and because Leverette provides no reason why this insufficiency should be any different as to Title II, the court finds that, with Title II, Congress did not validly abrogate sovereign immunity with regard to state-employment discrimination against the disabled. Put another way, it would be illogical to find that history of state discrimination against the disabled in employment is insufficient to permit Congress to enact Title I, but that that same history is somehow sufficient to allow Congress to fashion Title II.

*Leverette v. Alabama Revenue Dep't,* 453 F. Supp. 2d 1340, 1345 (M.D. Ala. 2006); *see also Lucas v. State of Alabama Dep't of Pub. Health,* 2016 WL 335547, at *4 (M.D. Ala. Jan. 7, 2016), *report and recommendation adopted,* 2016 WL 344965 (M.D. Ala. Jan. 27, 2016) ("This court is also persuaded that, if Congress exceeded its § 5 enforcement powers by its purported abrogation of sovereign immunity as to claims of employment discrimination against state employers under Title I, the same is true when those claims are brought under Title II."); *Clifton v. Georgia Merit Sys.*, 478 F. Supp. 2d 1356, 1368 (N.D. Ga. 2007) ("The court finds that the Supreme Court's holding in *Garrett* that '[t]he legislative record of the ADA ... simply fails to show that Congress did in

6

fact identify a pattern of irrational state discrimination in employment against the disabled' is equally applicable to employment discrimination claims under Title I and Title II of the ADA.") Plaintiff has not sought to distinguish the reasoning of these courts, nor has she otherwise sought to distinguish the Supreme Court's reasoning in *Garrett*. Persuaded by the reasoning of these courts that *Garrett* extends to Title II claims, the Court concludes the Eleventh Amendment bars Plaintiff's claims for money damages under Title II of the ADA.

Defendant also argues Plaintiff is barred from recovering prospective injunctive relief under the ADA because the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply to claims against the State. Plaintiff has not addressed this argument. Under *Ex Parte Young,* the Eleventh Amendment "'does not preclude relief against *state officials* in their *official capacity* for prospective injunctive or declaratory relief.'" *Proctor v. Board of Medicine,* 718 Fed. Appx. 325, 328 (6th Cir. 2017) (quoting *Thiokol Corp. v Dep't of Treasury,* 987 F.2d 376, 381 (6th Cir. 1993) (emphasis in original)). Claims brought against the state itself, rather than a state official, however, do not fall within the *Ex Parte Young* exception. *Id.* Thus, Plaintiff's ADA claims for declaratory and injunctive relief are barred by the Eleventh Amendment.

## C. Punitive Damages

Defendant argues Plaintiff's request for punitive damages must be dismissed based on 42 U.S.C. § 1981a(b)(1).[5] Plaintiff does not respond to this argument, nor does her Complaint cite any authority for her request to recover punitive damages on her claims.

---

[5] Section 1981a(b)(1) provides:

  (b) Compensatory and punitive damages

    (1) Determination of punitive damages

7

Section 1981a(b)(5) provides that a party may recover punitive damages as to causes of action covered by the provision unless the defendant is "a government, government agency or political subdivision." Federal courts have applied this provision to bar punitive damages against governmental entities for claims brought under Title VII, the ADA, and the Rehabilitation Act. *See Poe v. Memphis Light, Gas & Water Div.,* 201 F.3d 441 (6th Cir. 1999) (applied to Title VII claims); *Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Par.,* 230 Fed. Appx. 361, 365 (5th Cir. 2007) (applied to ADA claims); *Palmieri v. City of Hartford,* 947 F. Supp. 2d 187, 207 (D. Conn. 2013) (applied to ADA and Rehabilitation Act claims). As discussed above, Defendant is a department of the State of Tennessee, and therefore, qualifies as "a government, government agency or political subdivision." Tenn. Code Ann. § 4-3-101; *Smith v. Tennessee Dep't of Health*, 2012 WL 5931718, at *3 (M.D. Tenn. Nov. 27, 2012), *report and recommendation adopted,* 2012 WL 6057125 (M.D. Tenn. Dec. 6, 2012). Plaintiff has failed to cite authority to the contrary. Accordingly, Plaintiff's claim for punitive damages is dismissed.

### D. Rehabilitation Act Failure-to-Accommodate Claim

Defendant argues Plaintiff has not sufficiently alleged a claim for failure to accommodate under the Rehabilitation Act. Analysis of claims brought under the Rehabilitation Act mirrors that used for ADA claims. *See, e.g., Lee v. City of Columbus, Ohio,* 636 F.3d 245, 249–50 (6th Cir.

---

A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

8

2011); *Thompson v. Williamson Cty., Tennessee*, 219 F.3d 555, 557 n. 3 (6th Cir. 2000). In evaluating failure-to-accommodate claims under the ADA, the Sixth Circuit uses a multi-part test:

> (1) The plaintiff bears the burden of establishing that he or she is disabled. (2) The plaintiff bears the burden of establishing that he or she is 'otherwise qualified" for the position despite his or her disability: (a) without accommodation from the employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation. (3) The employer will bear the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.

*Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 811 (6th Cir. 2020) (quoting *Kleiber v. Honda of Am. Mfg., Inc.,* 485 F.3d 862, 868 (6th Cir. 2007)). The plaintiff must propose a reasonable accommodation to succeed. *Id.,* at 812.

Defendant argues Plaintiff has failed to allege she requested a reasonable accommodation that Defendant failed to provide. The Court disagrees. Plaintiff's 30-page Complaint alleges, in the introductory paragraphs, that: "Dr. Ward repeatedly requested reasonable accommodations including requesting the assignment of a qualified translator and face-to-face conversations." (Doc. No. 1, at 2). Later in the Complaint, Plaintiff again alleges she proposed face-to-face meetings but Defendant isolated her by limiting those meetings. (*Id.* ¶¶ 111-12). Plaintiff also alleges she requested timely technology support for communication devices, as well as qualified interpreters, neither of which were provided by Defendant. (*Id.* ¶¶ 103-10).

Apparently recognizing these allegations, Defendant argues more is required; Plaintiff must go on to specify: "why discussing issues face-to-face rather than through other means was necessary and objectively reasonable or how frequently face-to-face meeting needed to occur." (Doc. No. 8, at 6). Defendant has not cited any authority requiring this level of specificity to sufficiently allege a failure-to-accommodate claim. *See Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8 (a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled

to relief.") Thus, Defendant's request to dismiss Plaintiff's failure-to-accommodate claim is denied.

E. **Rehabilitation Act Disability Discrimination Claim**

Defendant also argues Plaintiff's claims for disability discrimination and a discriminatory hostile work environment under the Rehabilitation Act must be dismissed because Plaintiff has failed to allege her disability was the "but for" reason for the discrimination. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of her or his disability,* . . . be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a) (emphasis added). Thus, in order to recover for disability-based discrimination under the Act, a plaintiff must establish: (1) she is an individual with a disability; (2) she is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and (3) she [suffered an adverse employment action] solely by reason of her disability. *Lee v. City of Columbus, Ohio*, 636 F.3d at 249–50; *Mitchell v. United States Postal Serv.,* 738 Fed. Appx. 838, 843 (6th Cir. 2018).

Defendant bases its argument on Paragraphs 96 and 153 of the Complaint, where Plaintiff "acknowledges that Defendant disciplined her for violating a policy and later terminated her, in part, because of this policy violation." (Doc. No. 8, at 7).[6] Paragraph 96 states, "On February 9, 2018, Dep. Comm. Airhart issued Dr. Ward a written warning for purportedly violating the State Special Schools Housing Policy." (Doc. No. 1 ¶ 96). Paragraph 153 states, "TDOE terminated Dr.

---

[6] Defendant does not base its argument on the existence of other alleged reasons for Defendant's actions, *i.e.,* gender, retaliation. *See, e.g., Barnum v. Ohio State Univ. Med. Ctr.,* 2013 WL 5969724, at *10 (S.D. Ohio Nov. 8, 2013) (denying motion to dismiss Rehabilitation Act claim because plaintiff alleged "multiple reasons" for defendant's actions, explaining that plaintiff may allege alternative theories of recovery under Rule 8(d)). Therefore, the Court will not address the issue.

Ward for alleged performance issues and insubordination." (*Id.* ¶ 153). The Court does not read these paragraphs as *admissions* by Plaintiff that Defendant's stated reasons for its actions were the true reasons. Plaintiff uses the words "purportedly" and "alleged" in describing Defendant's stated reasons for its actions, and thus, suggests these stated reasons were pretext for its true reasons. *See Mitchell v. United States Postal Serv.*, 738 Fed. Appx. at 847 ("A plaintiff may show pretext by demonstrating: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the adverse employment action], or (3) that they were insufficient to motivate [the adverse employment action]." ) Thus, the Court is not persuaded that Paragraphs 96 and 153 require dismissal of Plaintiff's claims for disability discrimination and a discriminatory hostile work environment under the Rehabilitation Act.

## F. Title VII Gender Discrimination

Relying on a case discussing the proof required to withstand summary judgment, *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 238 (6th Cir 2005), Defendant argues Plaintiff has failed to sufficiently allege direct evidence of gender discrimination or circumstantial evidence of gender discrimination. Defendant argues Plaintiff fails to allege direct evidence of discrimination because the comments allegedly made to her are "isolated and ambiguous." (Doc. No. 8, at 7). As for indirect evidence of gender discrimination, Defendant argues Plaintiff has failed to allege all the elements of a *prima facie* case; specifically, that she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably.

Defendant's arguments confuse summary judgment standards with those governing sufficiency of pleading. Plaintiff is not required to *prove* gender-based statements establish direct evidence of discrimination at the motion-to-dismiss stage. Nor is she required to satisfy every element of a *prima facie* case through the allegations of the complaint. *See Keys v. Humana, Inc.*,

684 F.3d 605, 609 (6th Cir. 2012) (explaining that elements of *McDonnel Douglas* framework need not be pled in the complaint); *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir 2012); *James v. Hampton*, 592 Fed. Appx. 449, 460 (6th Cir. 2015). She is simply required to sufficiently allege a claim that is plausible on its face. *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2).

Plaintiff alleges Defendant hired a male consultant, over her objections, who had a reputation for being sexist. (Doc. No. 1 ¶¶ 86-89, 193-200). Plaintiff further alleges the consultant, whose behavior was condoned and ratified by Defendant, told Plaintiff she came off "harsh," "unyielding," and needed to be "warmer," "approachable," and more "soft" and "fuzzy." (*Id.*) According to Plaintiff, the consultant criticized her and blatantly refused to provide constructive guidance, telling her, "You can figure it out. You are an intelligent woman." (*Id.*) Relying, in part, on the consultant's criticism of her job performance, Plaintiff alleges, Defendant made the decision to terminate her employment. (*Id.*) These factual allegations sufficiently state a claim of gender discrimination to satisfy the requirements of Rule 8.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Partial Dismissal is granted in part, and denied in part.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE